UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80771-CIV-ALTMAN/Brannon

**CRAIG ROBERTS** *and* **BEVERLY ROBERTS,**

    *Plaintiff*s,

v.

**DONALD CLIFFORD, BRAN BRESCIA,** *and*
**GERARDO BALBONI, II,**

    *Defendants*.

_____/

## ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand [ECF No. 20]. Because the parties agree that there are Florida citizens on both sides of the dispute, the Motion is **GRANTED**.

## THE FACTS

The parties' citizenships are not in dispute. The Complaint alleges—and the Defendants do not disagree—that the Plaintiffs, Craig and Beverly Roberts (the "Plaintiffs"), and at least one Defendant, Brian Brescia, are all citizens of Florida. *See* Notice of Removal [ECF No. 1] ¶¶ 12–13; Complaint [ECF No. 1-1] ¶ 7, 9.

## ANALYSIS

The Defendants removed this case under 28 U.S.C. § 1441 and asked the Court to exercise its diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Notice of Removal ¶¶ 9–10. Section 1441 provides, in pertinent part, that "[a] civil action otherwise *removable solely on the basis of the jurisdiction under section 1332(a)* of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

1

28 U.S.C. § 1441(b)(2) (emphasis added). The question, then, is whether this case is "otherwise removable solely on the basis of jurisdiction under section 1332(a)." *Id.* It is not.

"Diversity jurisdiction [under § 1332] requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The Defendants contend that the parties *are* completely diverse because, at the time of removal, only one defendant—a (diverse) Georgia resident—had been served. *See* Notice of Removal ¶¶1, 5. And while the Defendants concede that a (non-diverse) Florida resident was also named in the Complaint, they insist that, in assessing the parties' diversity, this Court should consider only the parties that had been *served* at the time of removal. *See id.* ¶ 12 ("Diversity of citizenship exists because Plaintiffs have diverse citizenship from Balboni and because Balboni removes this case to federal court prior to Plaintiffs' service of this lawsuit on Defendant Brian Brescia – the only defendant alleged to be a Florida resident.").

But, as the Eleventh Circuit has made clear, "with regard to whether the parties are diverse, removability should be determined 'according to the plaintiff's *pleading* at the time of the petition for removal.'" *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 948 (11th Cir. 2000) (emphasis added) (citing *Coker v. Amoco Oil*, 709 F.2d 1433 (11th Cir. 1983)). And our sister circuits agree that, in removal cases, the parties' diversity should be gleaned from the face of the complaint—without regard to the vagaries of service. *See Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("Broussard's non-diverse citizenship cannot be ignored simply because he was an unserved defendant. A non-resident defendant cannot remove an action if the citizenship

of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant."); *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) ("But in the federal judicial system a party becomes a defendant not when he is served but when the complaint naming him is filed. That is when the suit against the defendant is commenced."); *Oppenheim v. Sterling*, 368 F.2d 516, 518 (10th Cir. 1966) ("[J]urisdiction must be determined from the face of the pleading and not from returns of service of process or lack thereof.").

This makes sense. Section 1441(b)(2), after all, does not carve out an *exception* to the diversity requirements of § 1332; it simply *adds an additional requirement* that applies only in removal cases. Its first clause—"a civil action otherwise removable solely on the basis of jurisdiction under section 1332(a)"—points out that cases removed on diversity grounds, like diversity cases originally filed in federal court, *must* meet the strictures of § 1332—which is to say that the parties *must* be completely diverse. *See* 28 U.S.C. § 1441(b)(2). The second clause adds that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* This second clause, in other words, adds (in removal cases only) the forum-defendant rule to the otherwise-generally-applicable requirement of complete diversity.

As the parties point out, the second clause of § 1441(b)(2) contains a wrinkle that does not appear in the first: the forum-defendant rule is triggered—and can prevent removal—only with respect to defendants who have been *joined and served*. But the Defendants' attempts to extend this service requirement to the first clause in a way that would obliterate the complete-diversity requirement in removal cases, *see* Notice of Removal ¶ 12, is unavailing. As we have noted, the

text of § 1441 is pellucid in rendering service a prerequisite *only* to the application of § 1441(b)(2)'s second clause (the forum-defendant rule)—and not to the first (complete diversity).

The Defendants cite several decisions in which the circuit courts have approved of "snap removals"—removals that occur *before* a defendant whose presence would prevent removal has been served. *See e.g.*, *Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) ("Starting with the text, we conclude that the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served"); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("By its text, then, Section 1441(b)(2) is inapplicable until a forum defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action"); *Texas Brine Co. v. Am. Arbitration Assoc.*, 955 F.3d 482, 487 (5th Cir. 2020) ("A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be "properly joined and served" is a citizen of the forum state."). But these cases do nothing more than apply § 1441(b)(2)'s service requirement to situations in which the plaintiff has not yet served *a forum defendant*. Since the second clause of § 1441(b)(2) makes plain that the presence of a forum defendant *who has not been served* does not preclude removal, these decisions follow naturally from the text of the statute.

Notably, however, the parties in each of those cases—served *and* unserved—were completely diverse. *Cf. Encompass Ins. Co.*, 902 F.3d at 150 ("Encompass, a citizen of Illinois, then brought the instant action against Stone Mansion, a Pennsylvania corporation, in the Court of Common Pleas of Allegheny County, Pennsylvania"); *Gibbons*, 919 F.3d at 703–04 ("For their part, the plaintiffs . . . argue[] that because the only basis for federal court jurisdiction was diversity

4

of citizenship, Defendants' status as citizens of Delaware meant that removal was prohibited under 28 U.S.C. § 1441(b)(2)"); *Texas Brine*, 955 F.3d at 486 ("When the AAA filed its notice of removal, the case was "otherwise removable" — as required by Section 1441(b) — because the district court has original jurisdiction of a case initially filed in Louisiana state court in which the parties are diverse.") (citations omitted). Those cases thus have nothing to do with—and nothing to say about—the doctrine of complete diversity. More to the point: those cases do not stand for the proposition—pushed by the Defendants here—that this Court can ignore the complete-diversity requirement of § 1441(b)(2) when *a non-diverse* defendant has not been served.

More fundamentally, nothing in the text of § 1441(b)(2) suggests that Congress intended to eliminate (in removal cases) the diversity requirements of § 1332. To the contrary, the statute's structure—and its silence on any supposed abrogation of the complete-diversity doctrine—makes clear that Congress intended no such thing. In short, because this case is not "otherwise removable solely on the basis of jurisdiction under section 1332(a)," this Court lacks subject-matter jurisdiction to adjudicate the merits of the parties' dispute.[1]

\*\*\*

It is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). A federal court should, therefore, remand to state court any case that has been improperly removed. *See* 8 U.S.C. § 1447(c). This is such a case.

---

[1] Even a cursory glimpse at the face of this Complaint makes plain that the parties are not completely diverse because the Complaint identifies two Florida Plaintiffs *and one Florida Defendant*. Comp. ¶¶ 7–10. Notably, the Defendants never suggest that the Florida Defendant was either a nominal party or fraudulently joined—the only viable exceptions to the complete-diversity doctrine. *See* Notice of Removal; Response to Motion to Remand [ECF No. 27].

5

For the foregoing reasons, the Court hereby **ORDERS and ADJUDGES** that this case is **REMANDED** to the 15th Judicial Circuit Court in and for Palm Beach, Florida. The Clerk of Court shall **CLOSE** this case. Any pending deadlines and hearings are **TERMINATED**. All other pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of July 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record